UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDREW ZIMMERMANN and KELLY )
ZIMMERMANN, as Class )
Representatives for the ZIMMERMANN )
ACTION CLASSES, )
        Plaintiffs )
         )
         )
        v. )  Civil Action No. 09-30190-MAP
         )
         )
BDO SEIDMAN, LLP; CHIPETINE NEU )
& SILVERMAN LLP; and KOSTIN, )
RUFFKESS & COMPANY, LLC, )
        Defendants )

REPORT AND RECOMMENDATION WITH REGARD
TO MOTIONS TO DISMISS (Document Nos. 8 and 33)
July 14, 2010

NEIMAN, M.J.

This lawsuit was filed on November 9, 2009. During the next several months, BDO Seidman, LLP and Chipetine Neu & Silverman LLP (together "Defendants") filed motions to dismiss. In due course, District Judge Michael A. Ponsor referred those motions to this court for a report and recommendation, *see* 28 U.S.C. § 636(b)(1)(B), and this court scheduled oral argument for July 13, 2010.[1]

Meanwhile, on June 6, 2010, Judge Ponsor himself heard oral argument in two related cases, *Zimmermann, et al. v. Salzone, et al.*, Civil Action No. 09-30193 ("the '193 action") and *Zimmermann, et al. v. Epstein Becker & Green, P.C., et al.*, Civil

---

[1] In the interim, Judge Ponsor, upon Plaintiffs' motion, dismissed all claims against the only other defendant, Kostin, Ruffkess & Company, LLC, without prejudice.

Action No. 09-30194 ("the '194 action").  Then, on July 8, 2010, Judge Ponsor issued memoranda and orders dismissing the '194 action in its entirety and much of the '193 action as well.  Accordingly, at oral argument yesterday, this court indicated to the parties that it had little choice but to recommend -- based on the similarity in which Defendants stand to the defendants in the '193 and '194 actions, and the compelling reasons set forth by Judge Ponsor in his July 8th Memorandum and Order in the '194 action -- that Defendants' motions to dismiss be allowed in the manner done in the '194 action.

To be sure, Defendants indicated at oral argument that they wished to press alternate theories of dismissal as well.  For many of the same reasons which Judge Ponsor found it unnecessary in the '193 and '194 actions to pursue such arguments, however, this court will decline to do so here and will simply recommend, based on the narrower grounds set forth by Judge Ponsor in the '194 action, that Defendants' motions to dismiss be ALLOWED.[2]

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980).  See also Thomas v. Arn, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

DATED: July 14, 2010

                                         /s/ Kenneth P. Neiman
                                         KENNETH P. NEIMAN
                                         U.S. Magistrate Judge